## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

W. ROBERT JONES,                       Civil Action No. _____

       Plaintiff,

   v.

CITY OF GREENSBURG,

       Defendant.               JURY TRIAL DEMANDED

## **COMPLAINT**

Plaintiff, W. Robert Jones, by undersigned counsel, files this Complaint and in support alleges the following.

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §626(c)(1), and 28 U.S.C. §§1331 and 1343(a)(4).

### II. Venue

2. Venue is proper in the Western District of Pennsylvania, in that this action arises out of events that occurred in the Westmoreland County.

### III. Administrative Remedies

3. Plaintiff has satisfied all procedural and administrative requirements set forth in 29 U.S.C. §626 in that:

     a. On or about April 4, 2022, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging age discrimination.

     b. On or about April 4, 2022, Plaintiff cross-filed a timely Complaint of Discrimination with the Pennsylvania Human Relations Commission (PHRC) alleging age discrimination.

  c. On or about June 10, 2022, Plaintiff filed a timely Amended Charge of Discrimination with the EEOC alleging retaliation.

  d. On or about June 10, 2022, Plaintiff cross-filed a timely Amended Complaint of Discrimination with the PHRC alleging retaliation.

  e. This case was filed more than 60 days after filing of the EEOC Charge of Discrimination and Amended Charge of Discrimination.

## IV. Parties

4. Jones is an adult individual who resides in Westmoreland County, Pennsylvania.

5. Defendant, City of Greensburg, is a political subdivision of the Commonwealth of Pennsylvania with its principal offices located at 416 S. Main Street, Greensburg, Pennsylvania 15601.

6. At all times relevant hereto, Defendant is and was an employer within the meaning of 29 U.S.C. §630(b), in that it is engaged in an industry affecting interstate commerce and employs more than 20 employees.

7. At all times relevant hereto, Defendant acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

## V. Facts

8. On July 9, 2002, Plaintiff started working for Defendant as a patrol officer.

9. On May 12, 2008, Defendant promoted Plaintiff to Sergeant.

10. On August 12, 2013, Defendant promoted Plaintiff to Lieutenant.

11. On January 21, 2022, Plaintiff, age 51, applied for the open position of Chief of Police.

12. On February 17, 2022, Defendant's Mayor, Robert L. Bell, emailed the

police department members that Defendant chose another applicant for the position.

13. The successful applicant is significantly younger and less qualified than Plaintiff for the position of Chief of Police.

14. Defendant ranked Plaintiff second highest amongst the remaining applicants.

15. Defendant did not provide Plaintiff with a reason for its ranking of Plaintiff or its decision not to promote Plaintiff.

16. On March 14, 2022, at its regular Council meeting, Defendant voted to hire the significantly younger applicant for the position of Chief of Police.

17. On March 29, 2022, Plaintiff applied for the open position of Captain.

18. On or about April 4, 2022, Plaintiff engaged in protected activity when he filed a Charge of Discrimination with the EEOC regarding Defendant's failure to hire him for the Chief of Police position because of his age.

19. On April 6, 2022, Defendant's Chief of Police emailed Plaintiff stating that Defendant decided not to hold interviews for the applicants for the position of Captain because Defendant's Mayor and the hiring committee already knew what the applicants' responses would be.

20. On April 12, 2022, Defendant received notice of Plaintiff's EEOC Charge of Discrimination.

21. On June 1, 2022, Defendant's City Solicitor, Zachary Kansler, sent an email to the applicants for the position of Caption informing them that Defendant, reversing its decision not to hold interviews, now decided to hold interviews for the job.

22. On June 8, 2022, Plaintiff underwent an interview for the position of Captain

with only City Solicitor Kansler, and City Administrator, Kelsye A. Hantz, a departure of Defendant's normal interview process.

23. On June 9, 2022, Mayor Bell, emailed the applicants that he, Defendant's new Chief of Police and the interview committee chose another candidate.

24. On June 13, 2022, Defendant's City Council appointed another applicant for the position of Captain.

25. The successful applicant, who is less qualified, did not engage in protected activity.

26. Defendant's rationale was, "after lengthy discussions and evaluations, we feel very confident that Sergeant Sarsfield will lead our Police Department in a positive direction and interface seamlessly with Chief Denning as we continue to provide the residents of Greensburg the type of exemplary Police service that they've been accustomed to for so many years."

27. Defendant did not provide Plaintiff an explanation for the decision not to promote him to the position of Captain.

## Count I – ADEA Discrimination

28. Plaintiff incorporates paragraphs 1 through 27 as though the same had been fully set forth at length herein.

29. Defendant failed to promote Plaintiff to the position of Chief of Police because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

30. Defendant's violation of the ADEA was willful.

WHEREFORE, Plaintiff demands judgment as follows:

    a.    That Defendant be ordered to reinstate Plaintiff into a suitable position, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b.    That Defendant be required to compensate Plaintiff for the full value of wages, he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the ones which Plaintiff was denied;

    c.    That Defendant be required to provide Plaintiff with front pay;

    d.    That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

    e.    That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §626(b) and 216(b);

    f.    That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the ADEA;

    g.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

    h.    That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II – ADEA Retaliation

31.    Plaintiff incorporates paragraphs 1 through 30 as though the same had been fully set forth at length herein.

32.    Defendant failed to promote Plaintiff to the position of Captain because of his protected activity, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

33.    Defendant's violation of the ADEA was willful.

WHEREFORE, Plaintiff demands judgment as follows:

a. That Defendant be ordered to reinstate Plaintiff into a suitable position, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b. That Defendant be required to compensate Plaintiff for the full value of wages, he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the ones which Plaintiff was denied;

c. That Defendant be required to provide Plaintiff with front pay;

d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

e. That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §626(b) and 216(b);

f. That Defendant be enjoined from retaliating against Plaintiff in any manner that violates the ADEA;

g. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

h. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted:

*/s/ Colleen E. Ramage*
Colleen Ramage Johnston
PA I.D. No. 64413

Nikki Velisaris Lykos
PA I.D. No. 204813

Ramage Lykos, LLC
525 William Penn Place, 28th Floor
Pittsburgh, PA  15219
(412) 325-7700
Attorneys for Plaintiff